IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHERE WILLIAMS,<br><br>Defendant. | Criminal Action No. 3:02CR387-JRS-02 |

**ORDER**

THIS MATTER comes before the Court on Defendant Chere Williams' Motion to Defer Restitution Payment During Term of Supervision Release. Defendant objects to the Bureau of Prisons ("BOP") establishing a payment schedule according to the Inmate Financial Responsibility Program and to the payment of restitution during her term of imprisonment.

Defendant was found guilty of Conspiracy to Commit Bank Fraud (Count One), in violation of 18 U.S.C. § 371, and Bank Fraud (Count Seven), in violation of 18 U.S.C. § 1344. On June 17, 2004, the Court sentenced Defendant to sixty (60) months imprisonment on Count One, and seventy-two (72) months imprisonment on Count Seven, to run concurrently, and $84,921.13 in restitution. The Court ordered that restitution was due and payable immediately, but did not establish a repayment schedule for the period of Defendant's incarceration. See June 17, 2004, Judgment at 6. The Court further ordered that once Defendant is placed on supervised release, any unpaid restitution will be payable in monthly installments of $250.00. Id. at 5. Defendant is currently enrolled in the Inmate Financial Responsibility Program and is working in the UNICOR job program. The BOP is currently taking 50% from Defendant's earnings for restitution.

Defendant objects to the Court's June 17, 2004, Judgment and Commitment Order on two grounds. First, Defendant raises an objection to the BOP establishing a restitution payment schedule according to the Inmate Financial Responsibility Program when no such payment schedule was imposed by the Court. In support of this argument, Defendant cites United States v. Miller, 77 F.3d 71 (4th Cir. 1996). Second, Defendant asks the Court that all future restitution payments in the BOP's inmate financial responsibility program be terminated and that she be placed in "No Obligation Status" while incarcerated. Defendant requests that the Court make restitution payable within ninety (90) days after the commencement of her supervised released.

Defendant's reliance on Miller is improper because Miller concerned the imposition and payment of fines, not the payment of restitution. Miller, 77 F.3d at 78 ("[A] district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer."). However, in United States v. Johnson, 48 F.3d 806 (4th Cir. 1995), the Fourth Circuit considered "whether the [district] court may, in accordance with 18 U.S.C. § 3603(9), delegate to a probation officer the authority to determine, within a range, the amount of restitution or the amount of installment payments of a restitution order." Johnson, 48 F.3d at 808. The Fourth Circuit found the delegation of the authority to set the amount and timing of restitution payments to the Bureau of Prisons or the Probation Office to be impermissible and in contravention of Article III of the United States Constitution because the duty to impose a sentence, including restitution, is solely a judicial function. Id.

Pursuant to 18 U.S.C. § 3556, the district court is given the authority in sentencing to order the defendant to pay restitution to the victim. See 18 U.S.C. § 3556. "Upon determination of the amount of restitution owed to each victim, *the court shall*, pursuant to section 3572, specify in the

2

restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2) (emphasis added). Moreover, a majority of the Circuit Courts, including the Fourth Circuit, forbid delegating the preparation of a payment schedule to the Bureau of Prisons and the probation office. See United States v. Overholt, 307 F.3d 1231, 1255 (10th Cir. 2002) (citing cases from the Second, Third, Fourth, Fifth, Seventh and Eighth Circuit Court).

Accordingly, the Court hereby ORDERS that Defendant participate in the Bureau of Prisons' Inmate Financial Responsibility Program at a rate of at least $25 per quarter, or if assigned as a UNICOR grade 1 through 4 employee, at least 50% of the prisoner's monthly pay. Given the amount of restitution owned by Defendant, the length of her term of imprisonment, and the fact that Defendant is currently employed in the UNICOR program, Defendant's request to be placed in "No Obligation Status" is DENIED. The Judgment and Restitution Order of June 17, 2004, shall remain in full force and effect in all other respects.

Let the Clerk send a copy of this Order to Ms. Williams, the Bureau of Prisons and counsel for the United States. Additionally, the Government is DIRECTED to notify the appropriate victims as to this change in Defendant's restitution order.

It is SO ORDERED.

ENTERED this  28th  day of JUNE, 2005


    /s/ James R. Spencer
UNITED STATES DISTRICT JUDGE